# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**EARNEST SMITH**                                                                 **PLAINTIFF**

**V.**                         **4:22CV00125 JM**

**JENNIFER MENGE,** *et al.*                                      **DEFENDANTS**

### ORDER

Plaintiff Earnest Smith's motion to proceed *in forma pauperis* is granted. Although he reports employment income, his fixed expenses, including the fair amount of debt which is the subject of this lawsuit, warrant allowing him to proceed *IFP*. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2). "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Smith states that he applied for and received Pandemic Unemployment Act benefits through July 31, 2021, but the Arkansas Division of Workforce Services has since wrongly asserted that he owes over $11,000 in overpayments. (Doc. 2 at 5). From his papers, it is apparent

that the Arkansas Division of Workforce Services ("ADWS") noticed him of a September 2, 2021 hearing regarding whether he had been discharged or voluntarily left his last employment. (Doc. 2 at 15). In a September 9, 2021 decision, the ADWS determined that Smith must repay overpaid unemployment benefits due to both fraudulent and non-fraudulent claims made by him. (Doc. 2 at 9-14). Although Smith appealed that decision and received notice of the January 14, 2022 hearing, he did not appear and the September 9, 2021 decision was upheld. (Doc. 2 at 8, 10-14). Thereafter, counsel for the ADWS warned Smith that it now had a final judgment against him and intended to secure a lien against both his state and federal tax refunds as well as garnish his wages in order to secure repayment. (Doc. 2 at 17).

Smith now seeks relief under 42 U.S.C. §§ 1983 and 1986 suing Jennifer Menge, the hearing officer who presided over his appeal, Lisa Rushin, an ADWS supervisor, and Don Denton, Jr., ADWS's in-house counsel who informed Smith of the judgment against him. Smith argues he has been harassed and seeks damages. (Doc. 2 at 4). There are problems with his Complaint.

First, Smith argues no specifics against any of the named Defendants; therefore, Smith's Complaint is insufficiently pleaded. Further, a claim under § 1986 involves conspiracy to interfere with civil rights claims. Smith has neither pleaded what civil right he has been denied nor alleged actual knowledge of a civil rights conspiracy. *See Liscomb v. Boyce*, 954 F.3d 1151, 1155-56 (8th Cir. 2020). Finally, Defendants are immune from suit under § 1983. Because Smith did not indicate in which capacity he is suing the Defendants, the Court interprets the Complaint as including only official-capacity claims. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). But a suit against Defendants in their official capacity, is really a suit against their employer – ADWS. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). And ADWS, is a state agency, which is immune from suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Further,

the sole remedy Smith seeks is money damages which are unavailable under § 1983. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). Finally, in the absence of a federal question, the Court declines to exercise supplemental jurisdiction over Smith's state law harassment claim. *See* 28 U.S.C. § 1367(c)(3).

The Complaint is dismissed without prejudice. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 2nd day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE